Bennie MILES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0079–CR.

Court of Appeals of Texas, Tyler.

Oct. 15, 1982.

Larry Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus, Susan Crump, Asst. Dist. Attys., Houston, for appellee.

McKAY, Justice.

After waiving trial by jury appellant was found guilty of automobile theft by the court. Two prior convictions were alleged, but the State abandoned the first enhancement allegation, and the trial court found appellant guilty and assessed his punishment at 19 years in the Texas Department of Corrections.

Appellant's first ground of error complains that the trial court erred in overruling appellant's motion for a temporary insanity hearing, and failing to conduct a hearing upon the question of appellant's mental competency to stand trial.

On August 23, 1979, the appellant and his counsel together with State's counsel appeared in open court and announced ready for trial. Upon motion of the State the first enhancement paragraph of the indictment was abandoned, appellant was arraigned, and he plead not guilty.

Appellant's counsel advised the court that appellant desired to approach the bench. Appellant then said, "Judge, when this case really happened, I was injured. I was knocked completely unconscious." There are several pages of conversation between the trial judge and appellant. Appellant complained that his appointed counsel was not doing everything he could. The court ascertained that appellant's counsel was competent, that he had adequately investigated the case, and was endeavoring to aid his client. The trial judge explained to appellant in detail that the indictment contained, in addition to the count of automobile theft, two other paragraphs alleging previous convictions, and explained what the punishment would be if he was found guilty with two previous convictions, or with one previous conviction. Appellant's rights were explained to him in great detail. Appellant then, when asked if he wanted to waive a jury answered, "Definitely, sir, I want to waive the jury," but also said he wished "The State would grant me another

lawyer." The court denied his request for other counsel.

Appellant then signed the waiver of trial by jury, and plead not guilty to the indictment. The evidence was presented and the trial court found appellant guilty. Appellant's punishment was assessed at 19 years. Sentencing was postponed to September 5, 1979, and on that date appellant filed his motion for a temporary insanity hearing alleging that the act he allegedly committed occurred "during a period of a black-out seizure, and that the Defendant was not capable of knowing because of his mental incapacity that an offense had occurred." He further alleged that he was laboring under a defect of reason so as not to know the nature and consequences of his act, and did not know right from wrong. The trial court endorsed the motion, "Denied as not being timely filed."

▮ No motion was made nor was any evidence presented before or during trial that appellant was incompetent to stand trial. Article 46.02, § 1, Tex.Code Crim. Pro.Ann. (Vernon 1979), provides that a person is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. There is nothing in the record to indicate appellant was incompetent to stand trial, or that would cause the trial court to be required to conduct a competency hearing. We hold the trial court was under no duty to conduct a competency hearing, and the request for same came too late. Ground of error one is overruled. Ramsey v. State, 563 S.W.2d 616, 618 (Tex.Cr.App.1978); Thomas v. State, 562 S.W.2d 240, 242–3 (Tex.Cr. App.1978); Art. 46.02, § 1–4, Tex.Code Crim.Pro.Ann. (Vernon 1979).

The record reveals that appellant had been an alcoholic for many years and was intoxicated when apprehended after having an accident while driving the stolen car.

In his second ground of error appellant contends that the indictment is fundamen-

tally defective because it failed to allege a culpable mental state. The indictment alleged the appellant "on or about March 5, 1979, did then and there unlawfully appropriate an automobile of the value of over two hundred dollars and under ten thousand dollars and owned by Obie Lewis, hereinafter styled the Complainant, *with the intent to deprive the Complainant of the automobile,* without the effective consent of the Complainant." (Emphasis added.)

Section 31.03, Tex.Penal Code Ann. (Vernon Supp.1981), provides "(a) a person commits an offense if he unlawfully appropriates property *with intent to deprive the owner of property.* (b) Appropriation of property is unlawful if: (1) it is without the owners effective consent." (Emphasis added.)

■ Appellant argues that § 6.02(b), Penal Code, is applicable, viz, "If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." However, the requisite mental state for theft is prescribed in the statute— "intent to deprive the owner of property." *Rogers v. State,* 598 S.W.2d 258, 262 (Tex. Cr.App.1980). The indictment here follows the statute and we find it is sufficient to charge a culpable mental state for the offense of theft of an automobile. Appellant's second ground of error is overruled.

Judgment of the trial court is affirmed.