Jack D. KIRBY, Appellant,

v. ·

STATE of Texas, Appellee.

No. 13–83–463–CR.

Court of Appeals of Texas, Corpus Christi.

March 8, 1984.

Rene Rodriguez, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and UTTER, JJ.

## OPINION

BISSETT, Justice.

Appellant Jack D. Kirby was convicted by a Kleberg County jury of the murder of his wife, Donna Kirby. The jury assessed punishment at life imprisonment in the Texas Department of Corrections. Appellant now appeals to this Court on two grounds of error.

■ Appellant contends in his first ground of error that the trial court erred by admitting into evidence certain photographs. The photographs in question were State's exhibit number 2 (body of victim at the scene), State's exhibit number 3 (close-up of the victim's face at the scene with a tire tool protruding from the skull), State's exhibit number 5 (shaved side of head with tire tool protruding from it), and State's exhibit number 6 (shaved side of head with tire tool protruding from it, also showing portion of face). All of the photographs in question were thus highly probative of the fact and manner of the victim's death.

The standard for admissibility of photographs of this sort was articulated in *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App. 1972). The Court of Criminal Appeals there held that admission of such photographs rested largely in the discretion of the trial judge. If a photograph was competent, material, and relevant, it is not an abuse of discretion to admit a gruesome photograph unless it is offered solely to inflame the minds of the jury. Using this standard, and our analysis of it in *Reimer v. State*, 657 S.W.2d 894 (Tex.App.—Corpus Christi, 1983, no d.r.), we do not find that the photographs were offered solely to inflame the minds of the jury. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant asserts that the trial court abused its discretion in denying appellant's motion for the appointment of a qualified psychiatrist to conduct a competency examination of the appellant.

A person is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. TEX.CODE CRIM.PROC.ANN. art. 46.02, Sec. 1(a). In the past, the Court of Criminal Appeals has held that before a referral for a psychiatric examination is required, there must be a substantial issue as to the defendant's competency raised by evidence which creates a bona fide doubt as to the defendant's competency. *Stiehl v. State*, 585 S.W.2d 716 (Tex.Cr.App.1979). More recent cases, however, have abandoned the "bona fide doubt" standard in competency cases with a standard which requires a competency hearing when "there is evidence to support a finding of incompetency." *See Williams v. State*, 663 S.W.2d 832 (Tex.Cr.App.1984); *Sisco v. State*, 599 S.W.2d 607 (Tex.Cr.App.1980). We, therefore, have reviewed the ground of error raised by appellant in light of this change.

In the instant case, appellant filed a motion for a psychiatric examination in which he requested the appointment of a psychiatrist or psychologist to determine appellant's competency to stand trial. As noted by appellant's counsel in his appellate brief, no information or evidence was presented to the court other than counsel's argument that appellant's inability to remember certain events was tantamount to an inability to consult with counsel. The motion filed by counsel specifically states that appellant

"does not remember with certainty" the events concerning the death of the victim. The motion also alleges that the appellant suffered various physical and mental diseases in the past and was treated by a qualified psychiatrist. The motion contains no information or details regarding these diseases.

Appellant contends, on the basis of this record, that the trial court abused its authority in denying his request for a psychiatric examination. We disagree with appellant and hold that the trial court did not abuse its discretion.

Article 46.02, sec. 3(a), V.A.C.C.P. provides that:

"At any time the issue of the defendant's incompetency to stand trial is raised, the court *may*, on its own motion or motion by the defendant, his counsel or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to his competency to stand trial and to testify at any trial or hearing on this issue."

Art. 46.02, sec. 3(a) does not require the trial court to appoint a psychiatrist to examine a defendant upon request.

Whether the trial court errs in denying a motion for psychiatric examination is decided by use of the abuse of discretion standard. *Bowens v. State*, 507 S.W.2d 785 (Tex.Cr.App.1974).

We cannot find that appellant's motion, which merely argued appellant was incompetent because he could not remember with certainty the events concerning the crime, was sufficient to raise the issue of incompetency or to require that the trial court appoint medical experts. No motion for a separate hearing to determine competency was filed, nor does it appear from the record that there was any evidence which would have been sufficient to have caused the trial court to conduct a hearing on appellant's competency to stand trial. *See Bowens*, 507 S.W.2d at 789. Nor does appellant urge that type of argument in his appellate brief.

No evidence other than defense counsel's argument that appellant's inability to remember certain events was tantamount to an inability to consult with his attorney, if the argument can be considered as evidence, was presented in support of the motion. The record before us is insufficient to show that the trial court should have ordered a psychiatric examination. Appellant's second ground of error is overruled.

Accordingly, the judgment of the trial court is AFFIRMED.