Clayton ROBERTSON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–007–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 28, 1984.

Rehearing Denied Jan. 31, 1985.

Michael Sieber, Victoria, for appellant.

George J. Filley, III, Asst. Dist. Atty., Victoria, for appellee.

Before UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a jury conviction for the offense of Aggravated Sexual Assault on a Child for which the jury assessed punishment at ninety-nine years in the Texas Department of Corrections. We affirm the judgment of the trial court.

Appellant was arrested on September 2, 1983, and was originally indicted for the offense of Sexual Assault. Appellant was re-indicted by indictment filed October 14, 1983, for the greater offense of Aggravated Sexual Assault on a Child. The new indictment alleged that the offense occurred *"on or about* the 1st day of September A.D. 1983."  (Emphasis added.)

Aggravated Sexual Assault on a Child is a new criminal offense, which became effective on September 1, 1983. Act 1983, 68th Leg., p. 5312, Ch. 977, § 3, eff. Sept. 1, 1983. *See* TEX.PENAL CODE ANN. art. 22.021(a)(5) (Vernon Supp.1984). The elements of the offense of Aggravated Sexual Assault on a Child are the same elements of the old offense of Aggravated Rape of a Child, which was repealed effective September 1, 1983. Act. 1983, 68th Leg., p. 5321, Ch. 977, § 12, eff. Sept. 1, 1983. *See* TEX.PENAL CODE ANN. § 21.03(a)(5) (Vernon Supp.1983). The note under TEX.PENAL CODE ANN. § 22.021 (Vernon Supp.1984) recites:

> Applicability of 1983 Act to offense committed on or after effective date in law governing offense committed before effective date, see note under § 22.01.

The note under TEX.PENAL CODE ANN. § 22.01 (Vernon Supp.1984), in pertinent part, states:

> For purposes of this section, an offense is committed before the effective date of this act if any *element* of the offense occurs before the effective date. (Emphasis added.)

In his first and second grounds of error, appellant asserts that the indictment and the court's charge were erroneous because both of them alleged that the appellant committed the offense *"on or about* the 1st day of September, 1983." Appellant contends that the phrase, *"on or about* the 1st day of September, 1983," in the indictment and in the court's charge is an "expansive" phrase, which could have misled the jury to convict appellant under the new statute for an offense committed prior to the effective date of the new statute. Appellant claims that the indictment and the court's charge should have alleged that the offense had occurred *"on* the 1st day of September, 1983." In the alternative, appellant claims that the indictment and the court's charge should have alleged that the offense was committed *"on or after* the 1st day of September, 1983."

We note that appellant filed no motion to quash the indictment and made no objection to the court's charge. Since the alleged insufficiency of the indictment is raised for the first time on appeal, only appellant's contention that the indictment failed to allege constituent elements of an offense is before our Court for review. *Reynolds v. State,* 547 S.W.2d 590 (Tex. Crim.App.1976); *Livingston v. State,* 542 S.W.2d 655 (Tex.Crim.App.1976); *Fisher v. State,* 538 S.W.2d 623 (Tex.Crim.App.1976); *Cox v. State,* 523 S.W.2d 695 (Tex.Crim. App.1975); *Terry v. State,* 517 S.W.2d 554 (Tex.Crim.App.1975, citing *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Crim.App.1974) and *Peterson v. State,* 508 S.W.2d 844 (Tex.Crim.App.1974); *See* TEX.CODE CRIM.PROC.ANN. art. 27.08 (Vernon Supp.1984).

Omitting the formal portions of the indictment, the indictment alleged that:

Clayton Robertson ... *on or about* the 1st day of September A.D. 1983, ... did then and there intentionally and knowingly cause the penetration of the vagina of a child by the insertion of his penis, to-wit: the said child being [complainant] a person younger than fourteen (14) years of age and not the spouse of the said Clayton Robertson. (Emphasis added.)

The indictment clearly alleges culpable conduct, which constituted an offense for which appellant could be convicted. If committed before September 1, 1983, the alleged conduct comprised the elements of Aggravated Rape of a Child, under TEX. PENAL CODE ANN. § 21.03(a)(5) (Vernon Supp.1983) (a first degree felony); whereas, if committed on or after September 1, 1983, the alleged conduct comprised the elements of the offense Aggravated Sexual Assault, under TEX.PENAL CODE ANN. § 22.021(a)(5) (Vernon Supp.1984) (a first degree felony). We therefore hold that the indictment sufficiently alleged the elements of an offense, for which appellant could be convicted. Also, the indictment sufficiently alleged the offense with such certainty as to enable the accused, appellant, to know what he was called upon to defend against and to enable him to plea the judgment in bar for any further prosecution for the same offense. *See Terry v. State,* 517 S.W.2d 554 (Tex.Crim.App.1975). Furthermore, the defect, of which appellant complains, relates simply to the convenience of appellant in making his defense and, by going to trial without raising any such objection, we must presume that appellant found the indictment sufficient to his own satisfaction and waived any objection; a defendant cannot wait to see the State's case and then, if it appears adverse to him, claim for the first time on appeal that he had no notice of precisely what he was charged with. *Trevino v. State,* 519 S.W.2d 864 (Tex.Crim.App.1975); *See also Drumm v. State,* 560 S.W.2d 944 (Tex. Crim.App.1977); *Rhodes v. State,* 560 S.W.2d 665 (Tex.Crim.App.1978). We find no fundamental error in the indictment. Appellant's second ground of error is overruled.

It follows that, since the indictment was not fundamentally defective, the court's charge, which "tracked" the language of the indictment, is also not fundamentally defective. *See Cumbie v. State,* 578

S.W.2d 732 (Tex.Crim.App.1979). Appellant's first ground of error is overruled.

■ In his third ground of error, appellant asserts that the evidence was insufficient to prove that the offense occurred in Victoria County, as alleged in the indictment. Under the provisions of TEX.CODE CRIM.PROC.ANN. art. 44.24(a) (Vernon Supp.1984), an appellate court will presume that venue was proven in the trial court below, unless it was made an issue during trial. *Crocker v. State*, 573 S.W.2d 190 (Tex.Crim.App.1978); *Clark v. State*, 558 S.W.2d 887 (Tex.Crim.App.1977); *Gill v. State*, 646 S.W.2d 532 (Tex.App.—Houston [1st Dist.] 1982, no pet.). At trial, under the provisions of TEX.CODE CRIM.PROC. ANN. art. 13.17 (Vernon Supp.1984), venue need only be proven by preponderance of the evidence. *Id.* at p. 533. The burden of objecting to the prosecution's failure to prove venue is on the defendant. *Vasquez v. State*, 491 S.W.2d 173 (Tex.Crim.App. 1973); *Mosley v. State*, 643 S.W.2d 212 (Tex.App.—Fort Worth 1982, no pet.).

■ At trial, the child testified that she lived in Victoria County, had gone to schools in Victoria County, moved from Corpus Christi to Victoria County to where she, with her family, lived in a bus, which was located under the Guadalupe River Bridge on Loop 175 in Victoria County. She further testified that, after school on September 1, 1983, a school bus took her home from school and let her off "down at the stop sign" "down past the bridge," from where she walked home and that, after she returned home, the offense occurred "in the back of the bus." Terry Henry, a child placement worker with the Child Welfare Division of the Texas Department of Human Resources testified that, on one occasion prior to the offense, she had visited the bus, the family's home. Henry testified that, at that time, the bus was located under the bridge on Loop 175 by the Guadalupe River in Victoria County. Appellant testified that he had moved the bus, the family's home, on September 1 or September 2—"I don't remember the date." Furthermore, our review of the record reveals that venue was not made an issue during the trial. In light of the above evidence presented at trial, we hold that the evidence was sufficient for the jury to conclude that the offense occurred in Victoria County, as alleged in the indictment. Appellant's third ground of error is overruled.

In appellant's last ground of error, he asserts that the trial court erred in failing to grant a new trial because appellant's competency to stand trial was never determined. To the contrary, the record reflects that, prior to trial, the trial court ordered a psychiatric examination of appellant which indicated that appellant was competent to stand trial. In that court-ordered psychiatric examination of appellant on September 27, 1983, Dr. Will Calhoun, M.D., specifically found:

> Based on the evaluation today, we feel that the patient is competent to stand trial and that he possesses a rational as well as a factual knowledge of the proceedings against him. Has the ability to consult with an attorney in his own defense. Also at the time of the alleged offense, the patient was not suffering from a mental disease or mental defect. He knew right from wrong and had the inherent ability to adhere to the right.

Furthermore, we note that no motion was made nor was any evidence presented before or during trial that appellant was incompetent to stand trial. Regarding the procedures for determining a defendant's incompetency, TEX.CODE CRIM.PROC. ANN. art. 46.02 § 2 (Vernon Supp.1984) provides:

> Sec. 2. (a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.
>
> (b) If during the trial evidence of the defendant's incompetency is brought to

the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

■ A person is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. TEX.CODE CRIM.PROC.ANN. art. 46.02 § 1(a) (Vernon Supp.1984); *Kirby v. State*, 668 S.W.2d 448 (Tex.App.—Corpus Christi 1984, no pet.); *Miles v. State*, 642 S.W.2d 827 (Tex.App.—Tyler 1982, no pet.). The most recent cases require a competency hearing when "there is evidence to support a finding of incompetency." *Kirby v. State*, 668 S.W.2d 448 (Tex.App.—Corpus Christi 1984, no pet.), citing *Williams v. State*, 663 S.W.2d 832 (Tex.Crim.App.1984); *Sisco v. State*, 599 S.W.2d 607 (Tex.Crim. App.1980).

■ We have found nothing in the record to indicate that, before or during trial, appellant was incompetent to stand trial or that would cause the trial court, on its own motion, to conduct a competency hearing. Furthermore, there is nothing in the record which would indicate that, before or at the time of the motion for new trial, appellant had not possessed competency to stand trial at the time of trial. Consequently, we hold that the trial court did not abuse its discretion in failing to grant a new trial because appellant's competency to stand trial was never determined. Appellant's fourth ground of error is overruled.

The judgment of the trial court is AFFIRMED.