Thomas Edward **RODRIQUEZ**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–90–119–CR.

Court of Appeals of Texas,
Waco.

Aug. 15, 1991.

Discretionary Review Refused
Nov. 20, 1991.

Phil Robertson, Robertson & Robertson, Clifton, for appellant.

Sandy Gately, Dist. Atty., Gatesville, for appellee.

Before THOMAS, C.J., and VANCE and CUMMINGS, JJ.

## OPINION

THOMAS, Chief Justice.

Appellant was convicted of murder. His primary contentions on appeal concern article 46.02 of the Code of Criminal Procedure, which relates to a defendant's competency to stand trial. *See* TEX.CODE CRIM. PROC.ANN. art. 46.02 (Vernon 1979 and Vernon Supp.1991). Other points question the admission of extraneous-offense evidence and the court's jurisdiction. The judgment will be affirmed.

Prior to trial, both Appellant and the State filed motions requesting psychiatric or psychological examination of Appellant for the purpose of determining his competency to stand trial. The court granted both motions. Subsequently, a psychiatrist and a psychologist filed reports reflecting their opinions that Appellant was "not incompetent" to stand trial, i.e., that he was competent to stand trial. Appellant's first two points are that the court erred when it failed to conduct a competency hearing after the evidence, both before and during trial, raised the issue of his competence to stand trial.

A defendant is presumed to be competent to stand trial. *Id.* at art. 46.02(1)(b) (Vernon 1979). However, a defendant is incompetent to stand trial if, based on the preponderance of the evidence, he does not have: "(1) sufficient present ability to con-

sult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him." *Id.* at art. 46.02(1)(a)(1), (2).

If the court determines that there is evidence to support a finding that the defendant is incompetent to stand trial or if, prior to the date set for a trial, the defendant files a written motion asserting that he is incompetent to stand trial, the issue of his competence to stand trial must be determined *prior to trial. Id.* at art. 46.02(2)(a). Although Appellant filed a motion requesting a psychiatric examination for the purpose of determining whether he was competent to stand trial, he never filed a written motion asserting that he was incompetent to stand trial. Thus, he was entitled to a pretrial determination of his competency only if the court acted on its own motion.

A court is required to hold a competency hearing on its own motion only when it is aware of sufficient facts which will support a finding of incompetence. *Thompson v. State,* 612 S.W.2d 925, 927 (Tex.Crim.App. [Panel Op.] 1981). Here, the court ordered psychiatric and psychological examinations of Appellant. That order alone, however, did not constitute a determination that Appellant's competency to stand trial was an issue. *See Johnson v. State,* 564 S.W.2d 707, 711 (Tex.Crim.App. 1978) (on rehearing); *Gardner v. State,* 733 S.W.2d 195, 200 (Tex.Crim.App.1987), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 848, 102 L.Ed.2d 979 (1989). In fact, the psychiatrist and psychologist both concluded that Appellant was competent to stand trial, i.e., evidence before the court demonstrated that his competence to stand trial was not an issue. Accordingly, we hold that the court did not abuse its discretion when it failed to hold a pretrial competency hearing on its own motion, and point one is overruled.

If, during the course of the trial, the court receives evidence which raises a reasonable doubt about the defendant's competency to stand trial, then it must conduct a hearing outside the presence of the jury to determine whether there is evidence to support a finding that the defendant is incompetent to stand trial. Tex.Code Crim. Proc.Ann. art. at 46.02(2)(b) (Vernon 1979); *Loftin v. State,* 660 S.W.2d 543, 546 (Tex. Crim.App.1983). After reviewing the record as a whole and, particularly, Appellant's testimony, we hold that the record does not contain evidence that would raise a reasonable doubt about his competency to stand trial. *See Robertson v. State,* 686 S.W.2d 641, 645 (Tex.App.—Corpus Christi 1984, pet. ref'd). Therefore, the court did not err when it failed to conduct a hearing on the issue of competency. *See Hawkins v. State,* 628 S.W.2d 71, 77 (Tex.Crim.App. [Panel Op.] 1982). Point two is overruled.

Appellant complains in points three and four that he was denied due process of law because article 46.02 does not require an evidentiary hearing and a preliminary determination of competency to stand trial once a medical expert has examined a defendant to determine his competency. *See* U.S. Const. amend. XIV; Tex. Const. art. 1, § 19; Tex.Code Crim.Proc.Ann. art. 46.-02(3)(a) (Vernon 1979). Generally, due process requires at a minimum that a separate hearing be held to determine the defendant's competency to stand trial. *Ex parte Hagans,* 558 S.W.2d 457, 461 (Tex.Crim. App.1977).

Section 3(a) of article 46.02 provides that the court may order a defendant to be examined by a medical expert on the issue of his incompetency any time the issue is *raised.* Tex.Code Crim.Proc.Ann. art. 46.-02(3)(a) (Vernon 1979). A competency hearing is required, however, only when the requirements of section 2 are met. *Sisco v. State,* 599 S.W.2d 607, 610 (Tex.Crim. App.1980). Section 2 requires the court to conduct a competency hearing whenever it makes a legal *determination* that there is evidence of the defendant's competency to stand trial. Tex.Code Crim.Proc.Ann. art. 46.02(2) (Vernon 1979).

As noted above, merely appointing a medical expert to examine the defendant for the purpose of evaluating his competency to stand trial does not constitute a *deter-*

*mination* that an issue exists as to his competency. *Johnson,* 564 S.W.2d at 711; *Gardner,* 733 S.W.2d at 200. Furthermore, two medical experts found that Appellant was competent to stand trial, and the record does not contain any evidence that would raise a reasonable doubt about his competency to stand trial. The requirements of section 2 were not met; thus, no competency hearing was mandated. Consequently, failing to hold a competency hearing did not violate Appellant's right to due process. Points three and four are overruled.

■ Officer Howard was called as a rebuttal witness for the State. He testified, over a defense objection, about Appellant's prior conviction for escape. Point five is that the court erred when it admitted evidence of an extraneous offense. This point is overruled because Appellant "opened the door" when he testified about the escape. *See Mulder v. State,* 707 S.W.2d 908, 914 (Tex.Crim.App.1986).

Appellant was originally charged by information with murder. He was then indicted in cause number 12,078 for the same offense with one enhancement paragraph. Subsequently, while the information and indictment in cause number 12,078 were still pending, he was indicted in cause number 12,126 for the same offense with two enhancement paragraphs. Appellant's sixth point is that the court did not have jurisdiction in cause number 12,126 because the earlier indictment was still pending at the time of trial.

■ A pending indictment does not prevent a grand jury from returning subsequent indictments charging the same offense. *Whitehead v. State,* 162 Tex.Crim. 507, 286 S.W.2d 947, 948 (1956). Thus, the indictment in cause number 12,126 was not void. Furthermore, the presentment of an indictment to a court vests that court with jurisdiction. TEX. CONST. art. 5, § 12 (1891, amended 1985). Accordingly, when the indictment in cause number 12,126 was presented to the court, the court was vested with jurisdiction to hear the cause even though there was a prior indictment charg-

ing the same offense still pending. We overrule the sixth point and affirm the judgment.

CUMMINGS, J., not participating.