**Richard RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–243–CR.**

Court of Appeals of Texas, Corpus Christi.

June 10, 1993.

Kenneth Botary, Corpus Christi, for appellant.

Richard Rodriguez, pro se.

Carlos Valdez, Dist. Atty., Vincent Gonzalez, Asst. Dist. Atty., Corpus Christi, for the state.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant, Richard Rodriguez, guilty of the offense of burglary of a habitation. After finding that he had been previously convicted of one felony, the jury assessed his punishment at life in prison, plus a $5,000 fine. The jury also found that he used a deadly weapon during the commission of the offense. By four points of error, appellant complains that the trial court excluded relevant evidence and improperly instructed the jury, and he attacks the sufficiency of the evidence to support the jury's deadly weapon finding. We affirm.

The State's evidence showed that in April 1991, Francisco Bobadilla was asleep in bed when appellant and Barbara Barbee entered his home. Appellant jumped on top of him and stabbed him six times with what could have been a blade or a pocketknife. Bobadilla testified that the blade was roughly three inches big. Appellant repeatedly asked Bobadilla, " 'Where is the money?' " Bobadilla gave appellant less than $40. Appellant and Barbee left the home and drove away. Bobadilla went to the hospital to treat his wounds. He testified that his wounds were a little more than one-half inch deep and that he thought that they were serious.

Officer Simmons, an eight-year veteran with the Corpus Christi Police Department, arrived at Bobadilla's house shortly after the alleged attack and found him standing over a sink, washing some stab wounds on his chest. He testified that Bobadilla looked pretty bad and that clumps of blood were coming from his chest. He stated that Bobadilla had informed him that he had been stabbed with a knife. Officer Simmons testified that he had dealt with stab-wound victims and that he had seen victims who had been harmed with a small

pocketknife. He stated that a knife with a three-inch blade was capable, in the manner of its use, of causing serious bodily injury or death.

The defense called Officer Maxwell as a witness. He testified that Bobadilla identified Barbara Barbee as a suspect in the alleged burglary. He stated that Barbee had a husband whose surname was Ysassi and that Ysassi had been in the penitentiary.

Barbara Barbee testified for the defense, but she refused to testify whether she knew Bobadilla or whether appellant participated in the alleged burglary.

By points two and three, appellant complains that the trial court erred when it allowed the jury to consider whether he used a deadly weapon and whether he was a repeat-felony offender. The punishment charge asked the jury to find whether appellant had a prior felony conviction, and it found that he did. The charge also included a special issue on whether appellant used a deadly weapon during the commission of the offense. The jury answered in the affirmative.

Appellant was indicted in April 1991 for the burglary offense now before us on appeal (91–CR–737–A). In October 1991, he was re-indicted for the same offense and enhancement allegations (91–CR–737–A(S1)). He was again re-indicted in November 1991 for the same offense and enhancement allegations. This indictment added a deadly weapon allegation (91–CR–737–A(S–2)). Appellant contends that the November indictment was void, or alternatively, that the State abandoned its special pleadings of a deadly weapon prior to trial. He argues that without proper notice in the pleadings, the State could not have sought a deadly weapon finding. Appellant also argues that his punishment should be set aside because the jury was erroneously instructed on the punishment range due to the void indictment. Further, he complains that he was tried under the April indictment, which did not include allegations of a

deadly weapon or that he was a repeat-felony offender.[1]

Appellant maintains that the November indictment was void because the April indictment remained pending at the time of his trial. A pending indictment does not prevent a grand jury from returning subsequent indictments charging the same offense. *Whitehead v. State*, 286 S.W.2d 947, 948 (Tex.Crim.App.1956); *Rodriquez v. State*, 816 S.W.2d 493, 496 (Tex. App.—Waco 1991, pet. ref'd). Further, the presentment of an indictment to a court vests that court with jurisdiction. TEX. CONST. art. 5, § 12(b) (1891, amended 1985). In this case, when the November indictment was presented to the trial court, it was vested with jurisdiction to hear the cause even though two prior indictments charging the same offense were still pending. The November indictment was not void. *See Whitehead*, 286 S.W.2d at 948; *Rodriquez*, 816 S.W.2d at 496.

Concerning whether the State abandoned the deadly weapon allegation, on December 11, 1991, the State agreed to dismiss the deadly weapon allegation, and appellant pleaded guilty to the burglary offense and habitual-felony offender allegations. However, appellant later withdrew his plea. Appellant contends that since the State abandoned the deadly weapon allegation, it did not serve notice on him that it intended to seek an affirmative finding prior to his trial.

An accused is entitled to notice that the State will seek an affirmative finding that a deadly weapon was used during the commission of the charged crime. *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex. Crim.App.1987); *Mitchell v. State*, 821 S.W.2d 420, 423–424 (Tex.App.—Austin 1991, pet. ref'd). This notice need not be contained in the indictment under which the accused is ultimately tried. *Ex parte Brooks*, 847 S.W.2d 247 (Tex.Crim.App. 1993). Rather, the accused is simply entitled to notice in some form that the use of

---

1. After the State and defense closed during the punishment phase, the trial court granted appellant's motion for instructed verdict on one of the enhancement allegations. Thus, the trial court asked the jury to find whether appellant was a repeat-felony offender.

a deadly weapon will be a fact issue at the time of prosecution. *Ex parte Beck,* 769 S.W.2d 525, 526 (Tex.Crim.App.1989); *Grettenberg v. State,* 790 S.W.2d 613, 614 (Tex.Crim.App.1990). The notice must be in writing. *Ex parte Brooks,* 847 S.W.2d at 247.

In *Grettenberg,* the accused was charged with two crimes under a single indictment. Both counts arose from the same criminal episode, but only the second count alleged use of a deadly weapon. The State abandoned the second count, and the accused was convicted under the first count. In addition, the jury found that a deadly weapon had been used during the crime. The Court of Criminal Appeals held that the original indictment gave the accused adequate notice that the State would seek an affirmative finding of use of a deadly weapon, even though the State had abandoned that part of the indictment. The Court stated that "when the theories of prosecution contained in the counts are so interrelated as under the facts of this case, the election by the State to pursue one of the counts in preference to the other will not vitiate the notice given in the indictment in its original form." *Grettenberg,* 790 S.W.2d at 614–15.

In *Ex parte Brooks,* applicant was indicted in two separate indictments with burglary of a habitation and aggravated sexual assault, both arose from the same criminal episode. Only the aggravated sexual assault indictment alleged the use of a deadly weapon. Pursuant to a plea agreement, the State agreed to dismiss the aggravated sexual assault indictment, and applicant pleaded guilty to the burglary charge. Since the burglary indictment did not allege the use of a deadly weapon, applicant argued that he was not given notice that the State would seek an affirmative finding. The Court of Criminal Appeals noted that both offenses arose from the same criminal episode and that the theories of prosecution under the two indictments were highly interrelated. The Court stated that when the State agreed not to prosecute under the aggravated sexual assault indictment, that did not vitiate notice that the State intended to show use of a deadly

weapon during the criminal episode and seek the finding.

In the instant case, the State agreed to dismiss the deadly weapon allegation pursuant to a plea agreement. However, the guilty plea was withdrawn. As such, the State and appellant were returned to the posture which they were at prior to the plea agreement. We hold that appellant had notice that the State intended to show use of a deadly weapon during the criminal episode and seek an affirmative finding of the use of a deadly weapon. *See Ex parte Brooks,* 847 S.W.2d at 249; *Grettenberg,* 790 S.W.2d at 614–15.

■ Concerning whether appellant was tried under the April indictment, at the beginning of the guilt/innocence phase, the trial court asked the State to read the indictment. The State's attorney read the April indictment. (He began by reading "Cause Number 91–CR–737–A. . . .") At the beginning of the punishment phase, the trial court asked the State to read the remainder of the indictment. The State's attorney read the deadly weapon and habitual-offender allegations contained in the November indictment. We conclude that appellant was tried under the November indictment, even though the State read the primary offense from the April indictment. We hold that the trial court did not err when it instructed the jury to consider whether appellant used a deadly weapon and whether he was a repeat-felony offender.

■ By point one, appellant attacks the sufficiency of the evidence to support the jury's finding that appellant used a deadly weapon (knife) during the commission of the offense. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). We must take each case and review all the evidence to determine whether the State has proven beyond a reasonable doubt ev-

ery element of the alleged crime and not just a plausible explanation of the crime. *Butler*, 769 S.W.2d at 239.

■ Although a knife is not a deadly weapon *per se*, it can qualify as one through the manner of its intended use. *Moreno v. State*, 755 S.W.2d 866, 869 (Tex. Crim.App.1988); *Borrego v. State*, 800 S.W.2d 373, 376 (Tex.App.—Corpus Christi 1990, pet. ref'd). Section 1.07(a)(11) of the Texas Penal Code defines "deadly weapon" as (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX.PENAL CODE ANN. § 1.07(a)(11)(A) & (B) (Vernon 1974).

■ To determine the deadliness of a weapon, the fact finder may consider not only the knife's size, shape, sharpness, the manner of its use or intended use, and its capacity to produce death or serious bodily injury, but all the facts of the case, including the proximity of the assailant to the victim and the assailant's threats and gestures. *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex.Crim.App.1984); *Williams v. State*, 732 S.W.2d 777, 778 (Tex.App.—Corpus Christi 1987, no pet.). Although an assailant does not have to inflict wounds, injuries or wounds inflicted upon a person are a factor to consider in determining whether a weapon qualifies as a deadly weapon. *Denham v. State*, 574 S.W.2d 129, 130 (Tex.Crim.App.1978); *Harper v. State*, 753 S.W.2d 516, 518 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

■ In this case, Bobadilla testified that appellant jumped on top of him and stabbed him six times. His wounds were about one-half inch deep, and he had to go to the hospital. Officer Simmons testified that Bobadilla had informed him that he had been stabbed with a knife. Simmons saw the bleeding stab wounds on Bobadilla's chest, and he testified that a three-inch blade was capable, in the manner of its use, of causing serious bodily injury or death. While testimony of this nature is not necessary to show that a weapon is deadly, it

may be used to support evidence on that issue. *Davidson v. State*, 602 S.W.2d 272, 273 (Tex.Crim.App.1980); *Jackson v. State*, 668 S.W.2d 723, 725 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). We hold that appellant's manner of use of the knife, along with Officer Simmons' testimony, provided sufficient evidence from which a rational trier of fact could have found that the knife was a deadly weapon. *See Tisdale*, 686 S.W.2d at 115; *Villarreal v. State*, 809 S.W.2d 295, 297 (Tex.App.—Corpus Christi 1991, pet. ref'd). *Garcia v. State*, 625 S.W.2d 831, 834 (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd).

■ By point four, appellant complains that he was denied compulsory process when the trial court excluded evidence relevant to his defense. Appellant sought to prove that Bobadilla misidentified him as the burglar. He contends that Barbara Barbee's alleged husband, Juan Ysassi, was the real burglar. During trial, defense counsel sought to admit into evidence a booking sheet, two indictments, and two judgments of conviction and sentence, all belonging to Ysassi. The State objected that the evidence was not relevant, and the trial court sustained the objection. On appeal, appellant argues that Ysassi's criminal records would have shown that he had a previous burglary conviction and that he had another pending burglary case.

■ Rule 401 of the Texas Rules Criminal Evidence defines relevant evidence as evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R.CRIM.EVID. 401. Thus, the evidence is relevant if it influences consequential facts; *i.e.*, facts which have something to do with the ultimate determination of guilt or innocence in the case. *Mayes v. State*, 816 S.W.2d 79, 84 (Tex.Crim.App.1991); *Gollinger v. State*, 834 S.W.2d 553, 556 (Tex. App.—Houston [14th Dist.] 1992, no pet.). Relevancy is present if the trial court believes that a reasonable juror would conclude that the proffered evidence alters the

probability of the truth or falsity of any fact of consequence. *Montgomery v. State*, 810 S.W.2d 372, 376 (Tex.Crim.App. 1990).

In the present case, Ysassi's criminal records, standing alone, would not have had the tendency to make the existence of whether Ysassi committed the Bobadilla burglary more probable or less probable than without the evidence. The records had no influence over any fact that was of consequence to the ultimate determination of guilt or innocence in this case. *See Mayes*, 816 S.W.2d at 84; *Gollinger*, 834 S.W.2d at 556. We hold that the Ysassi's criminal records were not relevant and that the trial court did not err when it excluded Ysassi's criminal records from evidence. *See Montgomery*, 810 S.W.2d at 376.

We AFFIRM the trial court's judgment.

NYE, C.J., not participating.