**Tommy Earl LANDRUM, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–87–198–CR.**

Court of Appeals of Texas,
Waco.

Aug. 25, 1988.

Paul E. Gartner, Jr., Khoury & Gartner, Waco, for appellant.

Thomas B. Sehon, Dist. Atty., Marlin, for appellee.

OPINION

McDONALD, Chief Justice.

Defendant was indicted for the offenses of burglary of a habitation with intent to commit rape, and burglary of a habitation with intent to commit theft. Defendant plead not guilty. The jury found defendant guilty of burglary with intent to commit rape, and sentenced him to 70 years in the Texas Department of Corrections and a $10,000 fine.

Mrs. Estelle Wachsman, a 73–year–old widow, lived alone in her home in Chilton, Texas. On the night of May 21, 1987, her home was broken into about midnight. Mrs. Wachsman was raped at pistol point; her rings, other jewelry, watch and coin collection were taken by her assailant; and she was abducted by her assailant and released in East Waco in the early hours of the morning. Police Officer Meeks found her wandering on the street seeking help. She was examined by Dr. Raley at Providence Hospital who testified her injuries were consistent with sexual assault. Mrs. Wachsman identified defendant as the person who burglarized, raped, and abducted her. She identified defendant's parents' home [in Chilton] as a brief stopping point before their trip to Waco. Defendant's fresh thumbprint was found on the window screen of the victim's house. Defendant was seen in possession of the victim's property the next day. Defendant pawned some jewelry belonging to the victim a few days after the incident. The bed sheet and nightgown of the victim contained a spot of seminal fluid. Property of the victim was

found in an apartment used by defendant's brother-in-law. The pawn ticket reciting details of the pawned property, as well as more of the victim's jewelry, was found in the possession of defendant.

Defendant does not challenge the sufficiency of the evidence.

Defendant appeals on 5 points.

■ Point 1 asserts the trial court committed reversible error when it discharged a juror and thereafter allowed a jury of only eleven members to render a verdict.

After voir dire of the jury panel the parties made their strikes and the jury was chosen and sworn. Court was then recessed until the next morning. At 8:40 the next morning proceedings resumed, and the court stated [outside the presence of the jury] that Mr. Thornton [one of the jurors] called him the night before and told him he had a problem with the range of punishment. The court then called Mr. Thornton and placed him under oath and Mr. Thornton testified he could not consider the range of punishment and that "I was brought up that I couldn't pass judgment or determine somebody's future". The above occurred after the juror had taken an oath to render a verdict based on the evidence and that he could consider the entire range of punishment, but before the trial as such commenced. The court was faced with a dilemma. Should he postpone the trial thereby inconveniencing all parties and witnesses, or proceed with eleven jurors.

Article 36.29(a) of the Code of Criminal Procedure provides in pertinent part: "Not less than twelve jurors can render and return a verdict in a felony case ... except as provided in subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or *be disabled from sitting* at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict...." (Emphasis added).

After examining Juror Thornton, as noted, the trial judge ruled: "The Court is going to find that Mr. Thornton is *disabled* from continuing to serve in this particular case and I'm going to discharge you from this particular case, Mr. Thornton, and I'll ask [counsel for defendant] if you would consent to a trial by eleven jurors."

Counsel for defendant replied he would not consent to a trial by eleven jurors and objected to the discharge of the juror as violative of Article 36.29 of the Texas Code of Criminal Procedure; Article 1, Sections 9, 10, 14 and 19 of the Texas Constitution; and Article 1, Section 10 of the Texas Code of Criminal Procedure. The trial court then stated: "The Court is going to find that the sworn testimony of Juror Thornton, that because of his beliefs brought to the Court's attention on the telephone last night and then again here today under oath, that he is *mentally impaired* from being a fair and impartial juror in this particular case, and going to again excuse him and allow the case to continue with eleven jurors". Whereupon, the indictment was read and the trial commenced before eleven jurors.

In *Griffin v. State*, Ct.Crim.Appls, 486 S.W.2d 948 (1972), it was stated that the term disabled within Article 36.29 means any condition that inhibits the juror from fully and fairly performing the functions of a juror. In *Carrillo v. State*, Ct.Crim. Appls, 597 S.W.2d 769 (1980), it was concluded that the Legislature's intent was to limit the application of Article 36.29 to those cases where the juror was physically or mentally impaired in some way; that the determination as to whether a juror is disabled is within the discretion of the trial court; and that absent an abuse of that discretion no reversible error will be found. In *Bass v. State*, Ct.Crim.Appls, 622 S.W. 2d 101 (1981), the court reaffirmed that determination as to whether a juror is disabled within the meaning of Article 36.29, governing situations when verdicts may be rendered by fewer than twelve jurors is within the discretion of the trial court, and stated that "in determining whether the court abused its discretion * * * this court has been provided with nothing more than a cold record. However, at the time of the hearing, the trial court, in determining the issue, had the opportunity to observe [the

juror's] demeanor and listen to the tone of her voice. Based on this record we cannot conclude the court abused its discretion * * * ".

In the instant case, on the record before us, we cannot conclude the trial court abused its discretion.

Point 1 is overruled.

■ Points 2, 3 and 4 assert the trial court erred when it overruled defendant's objection to the court's charge because the charge allowed the jury to convict defendant of burglary of a habitation with intent to commit rape when no such offense exists in Texas; that the judgment is fundamentally defective because it states defendant is guilty of burglary with intent to commit rape when no such offense exists in Texas; and that the indictment is fundamentally defective because it accuses defendant of burglary with intent to commit rape which is not an offense of the State of Texas.

The basis for the above contentions is that rape no longer exists as an offense and thus could not be the underlying felony in a burglary case; that the essential element of the intent to commit *sexual assault* was omitted and improperly replaced with a reference to the intent to commit *rape.*

Addressing point 4, supra, the indictment, our Code of Criminal Procedure, Article 1.14 provides: "(a) The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case; (b) If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post conviction proceeding."

And where a defendant makes no complaint prior to trial about the indictment, it is presumed that he found the charging instrument to his satisfaction. *Dennis v. State,* Ct.Crim.Appls, 647 S.W.2d 275 (1983); *Robertson v. State,* CA (Corpus Christi—pet. ref'd), 686 S.W.2d 641 (1984).

■ Addressing point 2, the charge, since the defect is one of form and not of substance, defendant could not have possibly been egregiously or actually harmed by the court's charge in this case, or denied a fair and impartial trial. *Almanza v. State,* Ct.Crim.Appls, 686 S.W.2d 157 (1985).

■ Addressing point 3 that the judgment is fundamentally defective because it states defendant is guilty of burglary of a habitation with intent to commit rape when no such offense exists in Texas.

The judgment is here reformed to delete the word, "rape", where such appears in the judgment, and substitute the words, "a sexual assault" in lieu thereof. Rule 80, Texas Rules of Appellate Procedure; *Knight v. State,* Ct.Crim.Appls, 581 S.W.2d 692 (1979); *Tamez v. State,* Ct.Crim.Appls, 620 S.W.2d 586 (1981); *Harvey v. State,* Ct.Crim.Appls, 611 S.W.2d 108 (1981).

■ Point 5 asserts the trial court erred when it allowed the State to introduce evidence that members of defendant's family had threatened the victim's daughter prior to trial.

The State called the victim's daughter who testified that relatives of defendant came to her place of employment and called her derogatory names.

We think the evidence admissible in rebuttal to defendant's mother's testimony that nobody in her family had ever harassed anyone in the victim's family.

But if the evidence was not admissible it could not possibly have contributed to defendant's conviction since the evidence of defendant's guilt was overwhelming and conclusive. *Becknell v. State,* Ct.Crim. Appls, 720 S.W.2d 526 (1986).

Point 5 is overruled.

AFFIRMED AS REFORMED.