Tommy Earl LANDRUM, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 1030–88.

Court of Criminal Appeals of Texas, En Banc.

May 9, 1990.

Rollin Khoury, Paul E. Gartner, Jr., Waco, for appellant.

Thomas B. Sehon, Dist. Atty., Marlin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted by a jury of the offense of burglary of a habitation. The punishment was assessed at seventy years in the Texas Department of Corrections [1] and a fine of $10,000.00. The Court of Appeals affirmed the conviction. *Landrum v. State*, 757 S.W.2d 860 (Tex.App.—Waco 1988). This Court granted review to determine whether it was error for the trial judge, over appellant's objection, to excuse one of the jurors for the reason that he was mentally impaired and allow the trial to continue with eleven jurors. We also granted review to determine whether it was reversible error for the State to introduce evidence that members of appellant's family harassed the victim's daughter prior to trial. Because of our holding on the first ground, we need not decide the second. We will reverse the judgments of the Court of Appeals and the trial court.

The jury was selected, sworn, and instructed to return the next day. That evening one of the jurors telephoned the judge and explained that he had misgivings re-

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

garding his willingness to consider the higher end of the range of punishment. The juror indicated that he felt as though he could not sit in judgment of another, and therefore he could not be fair and impartial. The next morning the trial judge informed the parties of this communication and called to the stand the juror to explain his earlier statements. The trial court found that the juror was mentally impaired from serving in this case because of his statements regarding the range of punishment. The judge then found him disabled under Article 36.29(a), V.A.C.C.P., and, over appellant's objection, excused him and continued the trial with the remaining eleven jurors.

■ The Court of Appeals correctly stated that the determination of whether to excuse a juror pursuant to Art. 36.29(a) is within the sound discretion of the trial judge. *Bass v. State*, 622 S.W.2d 101 (Tex.Cr.App.1981). However, the statute limits the exercise of that discretion to situations where there exists some physical illness, mental condition, or emotional state which hinders one's ability to perform one's duties as a juror. *Carrillo v. State*, 597 S.W.2d 769 (Tex.Cr.App.1980). Bias for or against any of the law applicable to the case, while an appropriate basis on which to challenge a member of the venire for cause, does not render a member of the sworn jury panel mentally impaired such that he is disabled as envisioned by Art. 36.29(a). *Carrillo*, supra. The trial judge abused his discretion in discharging this juror solely because of his bias against a part of the law applicable to this case.

■ We must next turn to whether, on the facts of this case, the error requires reversal. Appellant refused the trial court's request that he consent to the discharge of this juror, and objected to the discharge as violative of Art. 36.29(a). Because appellant was improperly convicted by a jury. of fewer than twelve over his objection, this error was harmful. *Marquez v. State*, 620 S.W.2d 131 (Tex.Cr.App. 1981).

Therefore, the judgments of the Court of Appeals and trial court are reversed and this case is remanded to the trial court.

McCORMICK, P.J., concurs in the result.

TEAGUE, J., only concurs because under no circumstances can this kind of error ever be harmless to the defendant.

STURNS, J., not participating.