NO. 07-08-0026-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 26, 2010

_____

DONALD F. DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1034587D; HONORABLE MOLLEE WESTFALL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**DISSENTING OPINION**

I agree with the majority's disposition of Appellant's points of error one and five through ten; however, I write separately to express my opinion that the trial court erred in its determination that juror Chatha was disabled. *See* Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2009).

As stated in the majority opinion, for purposes of art. 36.29(a), a juror is "disabled" if he or she is unable to fully and fairly perform the functions of a juror due to

an inhibiting condition. *Griffin v. State,* 486 S.W.2d 948, 951 (Tex.Crim.App. 1972). While an inhibiting condition can be physical, mental or emotional, *Hill v. State,* 90 S.W.3d 308, 315 (Tex.Crim.App. 2002), that condition must be something more than reluctance on the part of the juror to render a verdict in accordance with the law and the evidence. *Landrum v. State,* 788 S.W.2d 577, 579 (Tex.Crim.App. 1990) (juror expressing misgivings regarding his willingness to consider the full range of punishment was not "disabled" for purposes of art. 36.29(a)).

Here, juror Chatha had already fully participated in the jury's decision to render a guilty verdict and had sat through the presentation of evidence during the punishment phase of the trial. However, when it came time to participate in jury deliberations at punishment, expressing a "religious preference" not to "hold an individual's life in my hands," after two rounds of questioning by the court and the attorneys, and after having just stated, "I just don't want to be involved," affirmatively answered the court's question as to whether the process had caused him "distress." When questioned further as to whether the distress was of such a degree that it impaired his ability to function as a juror, juror Chatha, rather than answering affirmatively, stated, "I don't think I'm a good juror."

Under the facts of this case, juror Chatha's "disability" amounted to nothing more than misgivings on his part regarding his willingness to participate in the punishment phase of trial. If such minimal reluctance amounts to disability, I dare say the entire jury

2

process is in jeopardy of collapse. Therefore, I disagree with the majority's conclusion that the trial court did not err in discharging this particular juror.


Patrick A. Pirtle
Justice


Do not publish.

3