NO. 07-08-0026-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 JANUARY 26, 2010

 ______________________________

 DONALD F. DAVIS, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE
 _________________________________

 FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

 NO. 1034587D; HONORABLE MOLLEE WESTFALL, JUDGE
 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 DISSENTING OPINION

 I agree with the majority(s disposition of Appellant(s points of
error one and five through ten; however, I write separately to express my
opinion that the trial court erred in its determination that juror Chatha
was disabled. See Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp.
2009).

 As stated in the majority opinion, for purposes of art. 36.29(a), a
juror is "disabled" if he or she is unable to fully and fairly perform the
functions of a juror due to an inhibiting condition. Griffin v. State, 486
S.W.2d 948, 951 (Tex.Crim.App. 1972). While an inhibiting condition can be
physical, mental or emotional, Hill v. State, 90 S.W.3d 308, 315
(Tex.Crim.App. 2002), that condition must be something more than reluctance
on the part of the juror to render a verdict in accordance with the law and
the evidence. Landrum v. State, 788 S.W.2d 577, 579 (Tex.Crim.App. 1990)
(juror expressing misgivings regarding his willingness to consider the full
range of punishment was not "disabled" for purposes of art. 36.29(a)).

 Here, juror Chatha had already fully participated in the jury's
decision to render a guilty verdict and had sat through the presentation of
evidence during the punishment phase of the trial. However, when it came
time to participate in jury deliberations at punishment, expressing a
"religious preference" not to "hold an individual's life in my hands,"
after two rounds of questioning by the court and the attorneys, and after
having just stated, "I just don't want to be involved," affirmatively
answered the court's question as to whether the process had caused him
"distress." When questioned further as to whether the distress was of such
a degree that it impaired his ability to function as a juror, juror Chatha,
rather than answering affirmatively, stated, "I don't think I'm a good
juror."

 Under the facts of this case, juror Chatha's "disability" amounted to
nothing more than misgivings on his part regarding his willingness to
participate in the punishment phase of trial. If such minimal reluctance
amounts to disability, I dare say the entire jury process is in jeopardy of
collapse. Therefore, I disagree with the majority's conclusion that the
trial court did not err in discharging this particular juror.

 Patrick A. Pirtle
 Justice

Do not publish.