**Opinion filed August 31, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00086-CR

_____

## TRACY LEE THURMAN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR13273**

### M E M O R A N D U M   O P I N I O N

Tracy Lee Thurman appeals his conviction by a jury of the offense of delivery of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams. Finding an enhancement paragraph to be true, the jury assessed Thurman's punishment at ninety-nine years in the Texas Department of Corrections, Institutional Division. In three issues, Thurman urges that the trial court erred or abused its discretion by dismissing a juror, after the jury had been selected, for a reason not authorized by Article 36.29(a) of the Texas Code of Criminal Procedure and by denying his motion for mistrial in which he asked for a new

jury of twelve to be selected. TEX. CODE CRIM PROC. ANN. art. 36.29 (Vernon Supp. 2010). We affirm.

Thurman contends in Issues One and Two that the trial court committed constitutional error in dismissing a juror for reasons not authorized by Article 36.29(a) and that the trial court abused its discretion in dismissing the juror after the trial began, depriving him of his right to have a jury of twelve render verdicts at the guilt/innocence and the punishment phases of his trial.

Prior to the testimony beginning, a juror informed the court through the court bailiff that he had a problem regarding a witness in the case. Questioning of the juror revealed that he had knowledge of one of the State's witnesses. He indicated that, in November 2008, his wife did not come home and he found out that she spent the night at the witness's house. The juror related, "I just don't feel good about that, we've been separated since then, and, you know, I just think something took place." The juror also indicated that he would have difficulty in believing the witness. When asked whether he could judge the witness like he could anyone else or if he would have such a strong and overriding dislike for the witness that he could not believe what the witness says, he responded, "Unfortunately I have such a strong dislike for the matter that I'm -- here again I apologize, but"-- He subsequently finished his answer by saying that he would have a very difficult time. He acknowledged that, during voir dire, he had made a notation on the jury questionnaire that indicated he had some knowledge about the case and was told that he would be given another opportunity to talk about it later. He insisted, however, that he did not know about the witness at that time.

Later, in response to questioning by the court, the juror testified that the knowledge he had of the relationship between the witness and his wife would have such an effect on his mental condition or emotional state that it would keep him from being a fair and impartial juror in the case. The court, finding that he would be disabled as a juror, released him from the case. We hold that the trial court did not abuse its discretion in finding the juror to be disabled and dismissing him from service.

Thurman contends that the term "disability" contained in Article 36.29(a), which authorizes the remainder of the jury to render a verdict where a jury becomes disabled before the charge is read to the jury, does not include mere bias or prejudice. Thurman concludes that, because the juror in this cause was biased or prejudiced against a State's witness, the juror was

2

not disabled within the meaning of Article 36.29(a). In *Reyes v. State*, 30 S.W.3d 409, 412 (Tex. Crim. App. 2000), the court held that, while mere knowledge of a defendant cannot, in and of itself, render a juror "disabled" within the meaning of Article 36.29(a), the effect of such knowledge on a juror's mental condition or emotional state may result in rendering the juror "disabled" as that term has been construed with regard to Article 36.29.

In this case, as we have previously noted, the juror, in response to a question asked by the trial court, stated that the knowledge he had of the relationship between the witness and the juror's wife would have such an effect on his mental condition or emotional state that it would keep him from being a fair and impartial juror in the case. Consequently, the trial court could reasonably have found that the circumstance of the juror's knowledge that his wife had left him because of a State's witness would have had such an effect on his mental condition or emotional state that it would keep him from being a fair and impartial juror in the case. Therefore, the trial court did not abuse its discretion in finding that the juror was disabled within the meaning of Articke 36.29(a).

Thurman primarily relies upon the opinions of *Landrum v. State*, 788 S.W.2d 577 (Tex. Crim. App. 1990), and *Carrillo v. State*, 597 S.W.2d 769 (Tex. Crim. App. 1980). We find both of those cases to be distinguishable. Counsel for Thurman made no objection to the court's ruling concerning the juror's disability nor to the court's ruling dismissing the juror, but counsel did move for a mistrial after the juror had been dismissed, asking the court to cause a new venire panel to be selected and rebegin jury selection because Thurman was entitled to a jury of twelve members of the community. Subsequently, the trial court announced that the trial would proceed with the remaining eleven members of the jury, specifically finding that the juror was rendered disabled by virtue of the information that he had and his response to that information relative to a witness in the case.

Where, as here, no alternate jurors have been selected, if a juror dies or, as determined by the trial court, becomes disabled from sitting as a juror at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict. Article 36.29(a). The determination of whether to excuse a juror pursuant to Article 36.29(a) is within the sound discretion of the trial court. *Landrum*, 788 S.W.2d at 579.

In order for an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.

Crim. App. 1990). Thurman presented no objection with respect to the trial court's determination of the juror's disability or the trial court's dismissal of the juror. Therefore, as to these two issues, nothing is presented for review. Consequently, we overrule Issues One and Two.

Thurman insists in Issue Three that the trial court erred in denying his motion for mistrial following dismissal of the juror. After the juror was discharged, Thurman moved for a mistrial, asking the court to cause a new venire panel to be selected and rebegin jury selection, so that Thurman could have a twelve-member jury. The trial court effectively denied the mistrial and continued the trial with the eleven remaining jurors. Inasmuch as the trial court had, without objection, dismissed the juror on the basis of disability, the trial court did not err by proceeding with the trial with the remaining eleven jurors. Article 36.29(a). Thurman's argument on appeal is directed only to the trial court's dismissal of the juror on the basis of disability, not to the trial court's denial of his mistrial after the trial court had dismissed a juror without objection on the basis of disability. We overrule Issue Three.

The judgment of the trial court is affirmed.

PER CURIAM

August 31, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

4