Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00086-CR 

                                                    __________

 

                               TRACY
LEE THURMAN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CR13273

 



 

                                            M
E M O R A N D U M   O P I N I O N

Tracy Lee Thurman appeals his conviction by a jury of the
offense of delivery of a controlled substance, methamphetamine, in an amount of
one gram or more but less than four grams.  Finding an enhancement paragraph to
be true, the jury assessed Thurman’s punishment at ninety-nine years in the
Texas Department of Corrections, Institutional Division.  In three issues,
Thurman urges that the trial court erred or abused its discretion by dismissing
a juror, after the jury had been selected, for a reason not authorized by Article
36.29(a) of the Texas Code of Criminal Procedure and by denying his motion for
mistrial in which he asked for a new jury of twelve to be selected.  Tex. Code Crim Proc. Ann. art. 36.29
(Vernon Supp. 2010).  We affirm.

            Thurman
contends in Issues One and Two that the trial court committed constitutional
error in dismissing a juror for reasons not authorized by Article 36.29(a) and
that the trial court abused its discretion in dismissing the juror after the
trial began, depriving him of his right to have a jury of twelve render
verdicts at the guilt/innocence and the punishment phases of his trial.  

            Prior
to the testimony beginning, a juror informed the court through the court
bailiff that he had a problem regarding a witness in the case.  Questioning of
the juror revealed that he had knowledge of one of the State’s witnesses.  He
indicated that, in November 2008, his wife did not come home and he found out
that she spent the night at the witness’s house.  The juror related, “I just
don’t feel good about that, we’ve been separated since then, and, you know, I
just think something took place.”  The juror also indicated that he would have
difficulty in believing the witness.  When asked whether he could judge the
witness like he could anyone else or if he would have such a strong and
overriding dislike for the witness that he could not believe what the witness
says, he responded, “Unfortunately I have such a strong dislike for the matter
that I’m -- here again I apologize, but”--  He subsequently finished his answer
by saying that he would have a very difficult time.  He acknowledged that,
during voir dire, he had made a notation on the jury questionnaire that
indicated he had some knowledge about the case and was told that he would be
given another opportunity to talk about it later.  He insisted, however, that
he did not know about the witness at that time.

            Later,
in response to questioning by the court, the juror testified that the knowledge
he had of the relationship between the witness and his wife would have such an
effect on his mental condition or emotional state that it would keep him from
being a fair and impartial juror in the case.  The court, finding that he would
be disabled as a juror, released him from the case.  We hold that the trial
court did not abuse its discretion in finding the juror to be disabled and
dismissing him from service.  

            Thurman
contends that the term “disability” contained in Article 36.29(a), which
authorizes the remainder of the jury to render a verdict where a jury becomes
disabled before the charge is read to the jury, does not include mere bias or
prejudice.  Thurman concludes that, because the juror in this cause was biased
or prejudiced against a State’s witness, the juror was not disabled within the
meaning of Article 36.29(a).  In Reyes v. State, 30 S.W.3d 409,
412 (Tex. Crim. App. 2000), the court held that, while mere knowledge of a
defendant cannot, in and of itself, render a juror “disabled” within the
meaning of Article 36.29(a), the effect of such knowledge on a juror’s mental
condition or emotional state may result in rendering the juror “disabled” as
that term has been construed with regard to Article 36.29.  

            In
this case, as we have previously noted, the juror, in response to a question
asked by the trial court, stated that the knowledge he had of the relationship
between the witness and the juror’s wife would have such an effect on his
mental condition or emotional state that it would keep him from being a fair
and impartial juror in the case.  Consequently, the trial court could
reasonably have found that the circumstance of the juror’s knowledge that his
wife had left him because of a State’s witness would have had such an effect on
his mental condition or emotional state that it would keep him from being a
fair and impartial juror in the case.  Therefore, the trial court did not abuse
its discretion in finding that the juror was disabled within the meaning of Articke
36.29(a).  

            Thurman
primarily relies upon the opinions of Landrum v. State, 788 S.W.2d 577
(Tex. Crim. App. 1990), and Carrillo v. State, 597 S.W.2d 769 (Tex.
Crim. App. 1980).  We find both of those cases to be distinguishable.  Counsel
for Thurman made no objection to the court’s ruling concerning the juror’s
disability nor to the court’s ruling dismissing the juror, but counsel did move
for a mistrial after the juror had been dismissed, asking the court to cause a
new venire panel to be selected and rebegin jury selection because Thurman was
entitled to a jury of twelve members of the community.  Subsequently, the trial
court announced that the trial would proceed with the remaining eleven members
of the jury, specifically finding that the juror was rendered disabled by
virtue of the information that he had and his response to that information
relative to a witness in the case.

             
Where, as here, no alternate jurors have been selected, if a juror dies or, as
determined by the trial court, becomes disabled from sitting as a juror at any
time before the charge of the court is read to the jury, the remainder of the
jury shall have the power to render the verdict.  Article 36.29(a).  The
determination of whether to excuse a juror pursuant to Article 36.29(a) is
within the sound discretion of the trial court.  Landrum, 788 S.W.2d at
579.  

            In
order for an issue to be preserved on appeal, there must be a timely objection that
specifically states the legal basis for the objection.  Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Thurman presented no objection with
respect to the trial court’s determination of the juror’s disability or the
trial court’s dismissal of the juror.  Therefore, as to these two issues,
nothing is presented for review.  Consequently, we overrule Issues One and Two. 


            Thurman
insists in Issue Three that the trial court erred in denying his motion for
mistrial following dismissal of the juror.  After the juror was discharged,
Thurman moved for a mistrial, asking the court to cause a new venire panel to
be selected and rebegin jury selection, so that Thurman could have a
twelve-member jury.  The trial court effectively denied the mistrial and
continued the trial with the eleven remaining jurors.  Inasmuch as the trial
court had, without objection, dismissed the juror on the basis of disability,
the trial court did not err by proceeding with the trial with the remaining
eleven jurors.  Article 36.29(a). 
Thurman’s argument on appeal is directed only to the trial court’s dismissal of
the juror on the basis of disability, not to the trial court’s denial of his
mistrial after the trial court had dismissed a juror without objection on the
basis of disability.  We overrule Issue Three.  

            The
judgment of the trial court is affirmed.

 

 

                                                                                                PER
CURIAM

 

August 31, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]

 

 

 









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.