**Opinion filed March 28, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00090-CR

_____

## EDWARD LYNN ST. JOHN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR37352**

### M E M O R A N D U M   O P I N I O N

The jury convicted Edward Lynn St. John of the offense of burglary of a habitation. The trial court assessed punishment at confinement for four years, but it suspended the imposition of the sentence and placed St. John on community supervision for four years. We affirm.

St. John presents two issues for review. In the first issue, he contends that the trial court abused its discretion in allowing the trial to proceed with only eleven jurors. In his second issue, St. John challenges the sufficiency of the evidence to support his conviction.

The record in this case shows that, on the second morning of trial and prior to the reading of the charge, the trial court declared that one of the jurors had become disabled and that the trial would proceed with eleven jurors. The trial court stated that it had been informed that Juror No. 6, Mary Tipps, had fallen after leaving court the previous day and had broken her ankle and her leg. According to the trial court, Tipps had "a letter from the doctor saying she is not able to

come and complete her jury service." The trial court had been informed that Tipps had an appointment with an orthopedic surgeon that morning and that she was "going to have to have surgery." The trial court stated that it would procure the doctor's letter and place the letter in the file. Immediately after the trial court announced that Tipps was discharged from the jury panel, St. John requested a mistrial.[1] The trial court denied his request.

A trial court is authorized to allow the trial of a felony case to proceed with fewer than twelve jurors if, before the charge of the court is read to the jury, "a juror dies or, as determined by the judge, becomes disabled from sitting." TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012); *see also* TEX. CONST. art. V, § 13. A juror is disabled if he has a physical illness, mental condition, or emotional state that hinders his ability to perform his duties as a juror. *Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002); *Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990). The determination as to whether a juror is disabled lies within the sound discretion of the trial court. *Landrum*, 788 S.W.2d at 579. Absent an abuse of that discretion, no reversible error will be found. *Griffin v. State*, 486 S.W.2d 948, 951 (Tex. Crim. App. 1972).

St. John's specific contention in his first issue is that there is no evidence in the record regarding Tipps's alleged injury other than the statements made by the trial court. We agree with St. John that the appellate record does not contain the doctor's letter or any evidence regarding Tipps's injury other than the statements made by the trial court. However, it is apparent that the trial court had been in contact with Tipps or someone speaking on her behalf. Based upon the information received by the trial court, it was within the trial court's discretion to determine that Tipps was disabled. *See Moore v. State*, 82 S.W.3d 399, 406–07 (Tex. App.—Austin 2002, pet. ref'd), *overruled on other grounds by Taylor v. State*, 268 S.W.3d 571, 587 (Tex. Crim. App. 2008). The trial court did not err in denying St. John's request for mistrial. The first issue is overruled.

In his second issue, St. John argues that the evidence is insufficient to support his conviction for burglary of a habitation. St. John was charged with committing the offense by

---

[1]We note that the State contends that St. John failed to preserve his complaint for review. We disagree. St. John immediately moved for a mistrial after the trial court announced its decision to discharge Tipps as disabled and to proceed with eleven jurors. The reason that St. John requested a mistrial was apparent, and his request was timely. *See Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007); *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004) (holding that a motion for mistrial made without a preceding objection may preserve an issue for review but that, when a party's first action is to move for mistrial, "the scope of appellate review is limited to the question whether the trial court erred in not taking the most serious action of ending the trial").

knowingly and intentionally entering the habitation of Jason Heath Shipp without Shipp's consent and by committing theft while therein. St. John's specific argument on appeal is that no rational jury could have found that he committed this offense because the "evidence falls substantially in favor of St. John" regarding Shipp's permission for St. John to be in the apartment and also to remove a rifle from the apartment.

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Shipp testified that he had known St. John for fifteen or sixteen years and that they had been good friends since college. At some point in 2007 or 2008, St. John lived with Shipp for several months while St. John was going through a divorce. Shipp testified that he kept his Remington hunting rifle in a case underneath his bed; that the rifle was there after St. John moved out of Shipp's apartment; and that, when St. John moved out, St. John kept a key to Shipp's apartment. Shipp did not ask St. John to return the apartment key, but he did not give St. John permission to enter the apartment without calling beforehand. In April 2010, Shipp noticed that his rifle was missing from its case. Shipp asked St. John about the rifle, and St. John initially told Shipp that he had not taken it. Shipp then contacted the police to report his rifle stolen. After Shipp filed a police report, St. John admitted to Shipp that he had taken the rifle. St. John told Shipp that he had taken it to a gunsmith to have it customized. After Shipp learned from the gunsmith that St. John had not taken the rifle to the gunsmith, Shipp confronted St. John again. St. John then admitted that he took the rifle and pawned it because he had lost his job and needed the money. Shipp testified that he did not give St. John permission to use or pawn the

3

rifle. Copies of text messages between Shipp and St. John were admitted into evidence as an exhibit at trial. These messages support Shipp's testimony.

Detective Daniel Espinosa of the Midland Police Department located Shipp's rifle at a pawnshop. A business record from that pawnshop indicated that the rifle was pawned by St. John on October 19, 2009. St. John told Detective Espinosa that he and Shipp had a key to each other's apartment and that he had permission to go to Shipp's apartment "at any time that [he] wanted to." St. John also told the detective that he pawned the rifle the same day that he took it from Shipp's apartment. Shipp testified that St. John did not have permission to enter Shipp's apartment for any reason on October 19, 2009.

St. John testified at trial that, after he got laid off from his job, he asked Shipp if he could borrow some money from Shipp. According to St. John, Shipp did not have any money at that time, but Shipp reluctantly agreed to allow St. John to pawn Shipp's deer rifle as long as St. John retrieved it from the pawnshop in a timely manner. St. John testified that he was not able to get the rifle out of hock because he did not have the money to do so. He said that he told Shipp he could not get the rifle back and that Shipp got mad at him and reported the rifle stolen. St. John's girlfriend testified that she overheard a conversation between Shipp and St. John in which Shipp gave St. John permission to go get the rifle and pawn it as long as St. John returned it to Shipp within thirty days. The jury apparently chose not to believe the testimony of St. John and his girlfriend.

Based upon the evidence presented at trial, a rational jury could have found beyond a reasonable doubt that St. John committed each of the elements of the offense of burglary of a habitation as charged in this case. We hold that the evidence is sufficient to support the conviction, and we overrule St. John's second issue.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

March 28, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4