

# NUMBER 13-22-00021-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JOSHUA LEE VASQUEZ,**                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, and Peña
### Memorandum Opinion by Justice Benavides

Appellant Joshua Lee Vasquez appeals his convictions for aggravated assault causing serious bodily injury, which was enhanced to a first-degree felony because of a prior felony conviction, and assault family violence with a prior conviction, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.42(b), 22.01(b)(2)(A), 22.02(a)(1). By five issues that we have reordered, Vasquez argues: (1) the evidence is insufficient to support

Vasquez's conviction for assault family violence with a prior conviction; (2) the trial court impermissibly proceeded without the requisite number of jurors in violation of the code of criminal procedure and the Texas and United States Constitutions; (3) the trial court abused its discretion in permitting a prospective juror to reference extraneous offenses related to Vasquez; (4) the trial court abused its discretion in denying his motion to exclude a 911 call; and (5) the judgments against Vasquez are void, as they do not comport with the sentence imposed. We affirm as modified.

## I.    BACKGROUND

On September 9, 2021, Vasquez was indicted for the above-described charges. During voir dire, it was discovered that one of the prospective jurors had experience working with victims of family violence. The State asked additional questions of this venireperson, including asking for "the reasons . . . why some of these victims may be hesitant to come forward." After the State asked whether the venireperson "ever see[s] fear of retaliation," Vasquez objected, stating:

> Your Honor[,] I'm going to object to this continued questioning. I think that obviously it's going to be—we anticipate a trial of all these matters and unless—until we start calling witnesses to get into the facts, the law, and some of these things, it's certainly appropriate for trial; but I think for voir dire purposes, at the risk of basically putting facts into evidence that are not in evidence, I would object to counsel's continued questioning of this particular witness particularly because he has a background in these matters which is—as he's indicated for the record, he's [sic] quite diverse and there's quite a range of cases.

The trial court overruled Vasquez's objection, and the State proceeded to ask the venireperson whether he "ever see[s] individuals who have issues with substance abuse"

and whether he works with individuals that "share children with the alleged abuser." Vasquez did not object to these questions, and the State moved on by examining a different potential juror. The venireperson who described his experience working with victims of family violence was later struck.

A jury was empaneled, and trial commenced on January 10, 2022. At trial, the State offered a 911 call as evidence. In the call, Dawn Emerick, a cousin of the complainant, Bethany Hartless, explains that Hartless was in a hospital because "she has some kind of drainage in her brain because her boyfriend beat her up a week ago." She identified Vasquez as Hartless's boyfriend. Emerick explained that she could "barely understand" Hartless and asked that police visit the hospital to speak with her directly. Emerick also stated that Vasquez "broke [Hartless's] ribs the last time, it's always something." Vasquez objected to the 911 call on the grounds that it contained hearsay, was more prejudicial than probative, and made inappropriate references to extraneous offense evidence. The trial court overruled Vasquez's objections and admitted the exhibit. Emerick later testified as a witness at trial.

On the second day of trial, outside the presence of the jurors, the trial court made the following remarks:

> This morning while the attorneys were conferring, I was informed by the sheriff deputies that there was an issue with one of the jurors. The [c]ourt went into the jury room and it appeared that one of the jurors was having some sort of medical issue. She seemed to be distraught. It appeared to the [c]ourt that she was having trouble breathing.
>
> Therefore, the [c]ourt believes that under [Texas Code of Criminal Procedure article] 36.29(c) the juror has become sick or disabled that

3

prevents the continuance of that specific juror's duty. An alternate is not available. Therefore, the [c]ourt is going to proceed with the trial with 11 jurors.

Vasquez objected on the grounds that both the United States and Texas Constitutions afforded him a jury consisting of at least twelve jurors. The trial court overruled these objections.

The eleven remaining jurors returned unanimous verdicts for both counts, and the jury assessed his punishment at thirty-five years for count one and fifteen years for count two. The court informed Vasquez at the conclusion of the punishment phase that his "sentences will run concurrent[ly]."

This appeal followed.

## II.    COUNT TWO: SUFFICIENCY OF THE EVIDENCE

The second count in Vasquez's indictment charged him with assault family violence with a prior conviction, a third-degree felony. *See id.* § 22.01(b)(2)(A). Vasquez contends that the evidence was not sufficient to show he had a dating or familial relationship with the complainant of the crime for which he was previously convicted.

### A.    Standard of Review & Applicable Law

"When reviewing the legal sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt." *Carter v. State*, 620 S.W.3d 147, 149 (Tex. Crim. App. 2021). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given to their

4

testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.) We resolve any evidentiary inconsistencies in favor of the judgment. *Id.*

"The sufficiency of the evidence is measured by comparing the evidence produced at trial to 'the essential elements of the offense as defined by the hypothetically correct jury charge.'" *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "A hypothetically correct jury charge 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

The relevant penal code provision states:

(b)     An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

. . . .

    (2)     a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if:

        (A)     it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter . . . against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code[.]

TEX. PENAL CODE ANN. § 22.01(b)(2)(A). Thus, to enhance count two from a Class A misdemeanor to a third-degree felony, the State was required to show that Vasquez had

5

been previously convicted of assault, or a similar offense, and that the assault was committed against someone with whom Vasquez had a dating or familial relationship. *See id.*; TEX. FAM. CODE ANN. §§ 71.0021(b), 71.003, 71.005.

**B.    Analysis**

Vasquez does not contest the sufficiency of the evidence to show that he was previously convicted of assault, nor does he contest the sufficiency of the evidence to show he committed the assault as alleged in the present indictment. However, he argues that there was not sufficient evidence in the record to demonstrate that his prior conviction of assault was committed against a person with whom he had a dating or familial relationship.

A judgment of conviction was admitted into evidence that demonstrated that Vasquez was previously convicted of "ASSAULT – A LESSER INCLUDED OFFENSE," pursuant to § 22.01(a)(1) of the penal code. The judgment contains an affirmative finding of family violence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.013 ("In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of fact and enter the affirmative finding in the judgment of the case."); TEX. FAM. CODE ANN. § 71.004 (defining family violence to include an act of violence "by a member of a family or household against another member of the family or household").

This affirmative family violence finding constitutes sufficient evidence to demonstrate that the previous assault was committed against another member of the

family or household. *See* Tex. Code Crim. Proc. Ann. art. 42.013; *Goodwin v. State*, 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no pet.) ("Article 42.013 allows for the affirmative finding that an assault under the penal code was committed against a family member to eliminate the need to use extrinsic evidence to enhance a subsequent conviction for family violence."); *State v. Eakins*, 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.) ("Article 42.013 was obviously intended to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault. Instead, the State may rely on the affirmative finding in the prior judgment to prove that the victim of the defendant's previous assault was a family member."). Thus, we overrule this issue.

### III.    JUROR DISMISSAL

By his second issue, Vasquez argues that the trial court abused its discretion by allowing eleven jurors to deliberate and return the verdict in this case.

### A.    Applicable Law & Standard of Review

A twelve-person jury is not guaranteed by the United States Constitution. *See, e.g.¸ Williams v. Florida*, 399 U.S. 78, 87 (1970) (holding "that the 12-man panel is not a necessary ingredient of 'trial by jury'" as described by the Sixth Amendment). It is, however, a right protected by both the Texas Constitution and the Texas Code of Criminal Procedure. Tex. Const. art. V, § 13 ("Grand and petit juries in the District Courts shall be composed of twelve persons . . . ."); Tex. Code Crim. Proc. Ann. art. 36.29(a) ("Not less than twelve jurors can render and return a verdict in a felony case."). But enshrined in

7

both the Texas Constitution and Texas Code of Criminal Procedure are certain limitations to that right. *See* TEX. CONST. art. V, § 13 ("When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict . . . ."); TEX. CODE CRIM. PROC. ANN. art. 36.29(a) ("[H]owever, after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict . . . .").

The determination of whether a juror is disabled and must be excused lies within the sound discretion of the trial court. *Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990). "However, the statute limits the exercise of that discretion to situations where there exists some physical illness, mental condition, or emotional state which hinders one's ability to perform one's duties as a juror." *Id.* In determining whether a juror is disabled, "the trial court is the sole fact finder and judge of the credibility of the evidence." *Fernandez v. State*, 597 S.W.3d 546, 569 (Tex. App.—El Paso 2020, pet. ref'd). "[I]n order to support its judgment, the trial court must make a finding, sufficiently supported by the record, that the juror was disqualified or unable to perform the duties of a juror." *Scales v. State*, 380 S.W.3d 780, 784 (Tex. Crim. App. 2012). When faced with a silent record, we do not presume that the court's dismissal of a juror was proper. *Id.*

## B. Analysis

The trial court stated that it was excusing the juror pursuant to article 36.29(c). *See*

8

TEX. CODE CRIM. PROC. ANN. art. 36.29(c) (explaining that to proceed with eleven jurors *after* the charge has been read, both parties must acquiesce)*.* Vasquez argues that the trial court was bound by this statement, and that our review must confine itself to the propriety of the trial court's actions under article 36.29(c). However, as the State points out, under the "right ruling, wrong reason" doctrine, we will generally uphold a trial court's ruling if it is correct on any applicable legal theory, even if the court articulated an invalid basis. *See, e.g.*, *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Helvering v. Gowran*, 302 U.S. 238, 245 (1937) ("In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason."). Thus, we will uphold the trial court's dismissal of the twelfth juror if its decision is supported by any applicable legal theory, not just the one to which it explicitly cited.

Article 36.29(a) explains, in part, that a trial court may dismiss a juror and proceed with only eleven jurors if trial has already commenced but the charge has not yet been read, and the trial court determines the dismissed juror is disabled. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a). When the trial court dismissed the juror in question, trial had already commenced, but the charge had not yet been read. *See id.* The trial court stated that the juror "seemed to be distraught" and "was having trouble breathing." The court later stated that it observed her "crying." Based on these symptoms, the trial court determined that the juror was disabled. *See Romero v. State*, 396 S.W.3d 136, 144 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding that the trial court did not abuse its

discretion by dismissing a juror who was "sick to her stomach, had a headache, had not been sleeping, and felt 'overstressed out' by deliberations"); *Hughes v. State*, 787 S.W.2d 193, 195 (Tex. App.—Corpus Christi–Edinburg 1990, pet. ref'd) (holding the same where the trial court dismissed a juror who "felt queasy, had headaches, . . . had vomited earlier," and appeared to be in "distress"). Vasquez does not challenge the determination that the juror was disabled. Although the trial court cited to the wrong subsection, it articulated a correct basis for its decision. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a); *Helvering*, 302 U.S. at 245. Because the trial court had the discretion to proceed with eleven jurors at this point in the trial when it determined that one of the jurors was disabled, we conclude that the trial court did not abuse its discretion in proceeding over Vasquez's objection. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a). We overrule Vasquez's second issue.

## IV. REFERENCE TO EXTRANEOUS OFFENSE

By his third issue, Vasquez argues that the trial court abused its discretion "in allowing a prospective juror to reference possible extraneous offenses." Vasquez does not detail what "extraneous offenses" were referenced, but we will liberally construe his brief and assume he is referring to the prosecutor's allusion to "substance abuse" and "retaliation." Vasquez argues that "[a]n instruction to disregard [the prospective juror's statement] could not have cured the prejudice resulting from: (1) the impact of the venireman's improper opinion statement, combined with the emphasis given to it by the

10

trial court's double-repetition of the statement[1]; and (2) the fact that the prejudicial opinion addressed precisely the crucial issue of the . . . complainant's credibility in this case."

Parties have more leeway to conduct inquiries into a venireperson's general background or philosophical outlook. *Davis v. State*, 349 S.W.3d 517, 518–19 (Tex. Crim. App. 2011) (citing *Sells v. State*, 121 S.W.3d 748, 756 n.22 (Tex. Crim. App. 2003)). "We leave to the trial court's discretion the propriety of a particular question and the trial court's discretion will not be disturbed absent an abuse of discretion." *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002) (plurality op.); *see McDonald v. State*, 186 S.W.3d 86, 89 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "A question is proper if it seeks to discover a juror's views on an issue applicable to the case." *Barajas*, 93 S.W.3d at 38.

The prosecutor asked the venireperson whether he had worked with victims in the past who did not come forward due to fear of retaliation, substance abuse issues, or sharing a child with the abuser. There is nothing in the record to support the assertion that the juror referenced any potential extraneous offenses on the part of Vasquez. Rather, the record only reflects that the potential juror discussed the personal experience he had working with unknown victims who experienced abuse at the hands of other unknown persons. The prosecutor did not ask whether the answers to the questions posed would affect the potential juror's opinion on the guilt or innocence of Vasquez. *See Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005) (discussing improper

---

[1] Vasquez does not cite to any portion of the record that shows the trial court repeated the venireperson's remarks, and our review of the record revealed that it did not.

11

commitment questions). Whether a juror has experience working with reluctant victims was an issue applicable to this case. The State's theory of the case was that Hartless, the complainant, did not initially disclose the acts of violence alleged in the indictment for various reasons, including substance abuse issues and a fear of retaliation. *See id.* at 711 (explaining that one purpose of voir dire "is to indoctrinate the jurors on the party's theory of the case" and that "[v]oir dire for this purpose is entirely within the judge's discretion, and he may permit or prohibit it as he deems appropriate"). Because the prosecutor's questions were relevant and did not seek to commit the venire to a verdict based on a set of facts, the trial court did not abuse its discretion in overruling Vasquez's objections. *See Barajas*, 93 S.W.3d at 38; *McDonald*, 186 S.W.3d at 89–90. We overrule this issue.

## V.  ADMISSION OF 911 CALL

Vasquez argues that the admission of the 911 call was error on the basis that it: (1) contained evidence of extraneous offenses; (2) was more prejudicial than probative; and (3) contained hearsay. *See* TEX. R. EVID. 403, 404, 801(d), 802. Specifically, Vasquez asserts the unsubstantiated allegations of additional acts of violence detailed in the 911 call rendered the exhibit inadmissible.

Assuming, without deciding, that the trial court abused its discretion in admitting the evidence, we conclude that the error complained of was harmless. The erroneous admission of evidence is non-constitutional error. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). Pursuant to Rule 44.2(b) of the Texas Rules of Appellate

12

Procedure, "non-constitutional error must be disregarded unless it affects the defendant's substantial rights," i.e., the error had a substantial and injurious effect or influence in determining the jury's verdict. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). Under this standard, an appellate court will not overturn a criminal conviction for non-constitutional error if "after examining the record as a whole" the court has a "fair assurance that the error did not influence the jury or influenced the jury only slightly." *Id.* In making this determination, we consider: (1) the character of the alleged error and how it might be considered in connection with other evidence; (2) the nature of the evidence supporting the verdict; (3) the existence and degree of additional evidence indicating guilt; and (4) whether the State emphasized the complained-of error. *Gonzalez*, 544 S.W.3d at 373. The rule, generally, "is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *see Wilkinson v. State*, 523 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Although Vasquez objected to the admission of the 911 call, he did not object to its admission during the testimony of the 911 caller, Emerick.[2]

In the 911 call, Emerick explained to the operator that Hartless told her that Vasquez had "beat her head against the wall," and that Hartless had a "really bad

---

[2] Prior to her testimony, Vasquez objected to her being called as a witness, as he believed "any presentation from this witness at this point is completely cumulative." However, Vasquez did not re-urge his prior objections under Rules 403, 404, or 802 of the Texas Rules of Evidence. *See Reed v. State*, 927 S.W.2d 289, 291 (Tex. App.—Fort Worth 1996, no pet.) ("[A]n objection must be specific, and the objection preserves only the specific grounds cited.").

headache" and decided to walk to the hospital. In the call, Emerick also stated that Vasquez "broke her ribs the last time, it's always something." Emerick requested that the police visit the hospital to speak to Hartless.

At trial, Emerick testified that she learned through a third party that Hartless was in the hospital. After learning this information, Emerick "called [Hartless] to ask her what was going on and she stated to me that Josh had hit her head against the wall[,] and she needed to go to the hospital[,] and he would not take her. So[,] she walked by herself to the hospital."[3] Emerick stated she was concerned that Hartless "didn't tell the hospital the truth" and that she "couldn't live with [herself] knowing . . . something else had happened to [Hartless] because [Hartless] had stayed with [Emerick] like a month or two before that for broken ribs." She later explained that Hartless had contacted her "when she thought her ribs were broke [sic] because of another incident." Emerick also discussed the nature of the relationship between Vasquez and Hartless, detailing that Vasquez "wouldn't allow her to see me after a while. She couldn't answer my phone calls. So[,] if they got into it or something happened, then she would call me; and I would let her come and stay with me." This testimonial evidence was not objected to by Vasquez.

Having reviewed the record as a whole, we have fair assurance that any error in admitting the 911 call either did not influence the jury or had only a slight effect. *See Gonzalez*, 544 S.W.3d at 373. Therefore, we must disregard the error. *See* TEX. R. APP.

---

[3] Medical records indicating that Hartless suffered from a subdural hematoma were admitted into evidence at trial. Hartless also testified that "they said" she suffered "drainage in [her] brain." Vasquez did not object to this evidence.

14

P. 44.2(b); *Gonzalez*, 544 S.W.3d at 373; *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (holding that any error in admitting evidence was harmless when "very similar" evidence was properly admitted); *Brown v. State*, 580 S.W.3d 755, 766 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) ("Error in the improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial."). We therefore overrule Vasquez's fourth issue.

## VI.    VOID JUDGMENT

By his final issue, Vasquez argues that the trial court's written judgment is void, because it does not match the court's oral pronouncement. Specifically, Vasquez argues that because the trial court originally ordered Vasquez's sentences to run concurrently, but the written judgment for each conviction states "THIS SENTENCE SHALL RUN: N/A," the trial court's judgments are void.

As Vasquez acknowledges in his brief, for a judgment to be void, the record must leave no question about the existence of the fundamental defect. *See Davis v. State*, 227 S.W.3d 733, 736 (Tex. Crim. App. 2007). The clerical error in this case does not result in a void judgment because "when there is a variation between the oral pronouncement of [a] sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Here, the trial court orally pronounced that the sentences were to run concurrently. Further, even if a trial court does not expressly pronounce how the sentences shall run, the sentences will run concurrently. *See Jagaroo v. State*, 180 S.W.3d 793, 801 (Tex. App.—Houston [14th

15

Dist.] 2005, pet. ref'd).

An appellate court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and the nature of the case may require." *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd); *see* TEX. R. APP. P. 43.2(b) (permitting the intermediate courts of appeals to "modify the trial court's judgment and affirm it as modified"). For clarity's sake, we modify Vasquez's judgment of conviction to read that his sentences are to run "CONCURRENTLY," rather than "N/A." We overrule Vasquez's final issue.

## VII.    CONCLUSION

We modify the trial court's judgment to reflect that Vasquez's sentences are to run concurrently. We affirm the trial court's judgment as modified.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
9th day of February, 2023.

16